## SCHULDENFREI v. ENRIGHT.

(Supreme Court, Appellate Term, First Department. January 9, 1913.)

SHERIFFS AND CONSTABLES (§ 122*)—CITY MARSHAL—COLLECTIONS ON EXECUTION—PAYMENT TO "PARTY ENTITLED THERETO."

   Under Municipal Court Act (Laws 1902, c. 580) §§ 271, 276, and section 307, as amended by Laws 1910, c. 540, making it the duty of a city marshal to collect on execution and pay the amount to the "party entitled thereto," and requiring him within 20 days to make a return and payment to the clerk or to such party, his payment to the attorney of record of the party in whose favor the judgment was rendered, or to such attorney's managing clerk, will discharge him from liability, unless he has knowledge of a revocation of the attorney's authority.

   [Ed. Note.—For other cases, see Sheriffs and Constables, Cent. Dig. §§ 224–229; Dec. Dig. § 122.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Lewis Schuldenfrei against Edward J. Enright. From a judgment dismissing the complaint at the close of all the evidence, plaintiff appeals. Affirmed.

Argued December term, 1912, before SEABURY, GUY, and GERARD, JJ.

Emanuel Tepper, of New York City, for appellant.
James I. Moore, of New York City, for respondent.

SEABURY, J. The plaintiff, an attorney at law, recovered several judgments, in behalf of his client, upon which executions were delivered to the defendant, a city marshal. The marshal collected under said executions the sum of $900, and paid that sum to the

plaintiff's managing clerk, who misappropriated the same. Subsequently the plaintiff's client called upon the plaintiff to pay to him the amount which the plaintiff should have received upon the executions which he issued. The plaintiff settled the claim of the client with the latter for $250, which sum he now seeks to recover from the defendant in this action.

The collections were made by the marshal between the 13th day of September, 1909, and the 1st day of July, 1910. The duty of the marshal as to collections made by him upon executions delivered to him is defined by statute, and, in order to determine what that duty was, we must consult the statutes existing at the time the collections were made. At the time the collections were made, it was provided by section 271 of the Municipal Court Act, in defining the requisites of an execution, that it should direct the officer to collect the amount of the judgment "and to pay the sum to the party entitled thereto." Section 276 of the Municipal Court Act provides that:

"A marshal is liable to a party, in whose favor an execution is issued to him, for the amount thereof, * * * where he suffers the twenty days to elapse without making a true return thereof, and filing the same with the clerk of the court, and paying to him, or to the party entitled thereto, the money collected thereon by him."

Notwithstanding that the two sections quoted above make it clear that the marshal was authorized to pay the money collected either to the clerk of the court or "to the party entitled thereto," section 307 of the Municipal Court Act, in the form in which it stood at the time when most of these collections were made, provided that:

"Whenever any marshal shall collect or receive any money upon any process of the Municipal Court of the city of New York, he shall pay the same over to the clerk of the court of the district from which such process was issued, less his lawful fees and disbursements, within five days after the same shall have been received by him. Upon his failure so to do, he may be proceeded against as for a contempt. The clerk of the court with whom such money is deposited shall pay the same over on demand to the person entitled thereto."

Reading the three sections quoted together, we think that the intent of the Legislature was to authorize the marshal to pay money collected by him to the person entitled thereto, and if he failed to do so, or to pay the same to the clerk of the court within five days "after the same shall have been received by him," he could be proceeded against under section 307 as for a contempt. A different interpretation would result in holding the marshal liable for obeying the terms of the execution under which he acted, and which required him to pay the money collected to the person entitled thereto. By chapter 540 of the Laws of 1910, section 307 of the Municipal Court Act was amended so as to provide that the marshal should pay the money collected by him "over to the person entitled thereto, the attorney of record in the action, or to the clerk of the court of the district from which such process was issued." This law went into effect June 20, 1910. It is impossible to determine from the record in this case how much of the money sued for was collected before, and how much was collected after, this law went into effect; but the cir-

cumstance is immaterial, since the amendment of 1910 referred to was merely declaratory of the law as it existed prior to that time.

Wherever a sheriff or marshal is authorized by statute to pay the money to the person entitled thereto, payment to the attorney of record of the party in whose favor the judgment has been rendered will discharge the sheriff or marshal, unless the latter has knowledge that the authority of the attorney has been revoked. The managing clerk was the plaintiff's agent, and as such the defendant had the right to pay to him the money collected, and payment to him discharged the marshal from liability for the money collected and paid over.

It follows that the judgment of the court below, dismissing the complaint, was proper, and it is affirmed, with costs. All concur.